United States District Court
Southern District of Texas

**ENTERED**

April 25, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LARRY RAY TAYLOR | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:08-MC-01 |
| | § | |
| MARIA T. PRESAS, *et al.* | § | |

## REPORT AND RECOMMENDATION

Plaintiff Larry Ray Taylor, a state prisoner proceeding pro se, initiated this action by filing a "Motion for Preliminary Injunction." (Docket No. 1.) Pending before the Court are Plaintiff's motion for preliminary injunction, Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket No. 4), and "Motion for Voluntary Dismissal" (Docket No. 7). Plaintiff's pleadings relate to his allegation that prison officials confiscated certain legal documents. (*See* Docket No. 1, at 1-2.)

For the reasons explained further below, Plaintiff's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 should be construed as a civil rights complaint pursuant to 42 U.S.C. § 1983, and his motion for voluntary dismissal should be granted. Accordingly, it is recommended that this action be dismissed without prejudice.

## I. BACKGROUND

According to Plaintiff, a stack of legal documents approximately six inches high, along with legal books and writ envelopes were confiscated from him "because they did not fit in his locker space" and "were older than six months." (Docket No. 4, at 7, 9.) Plaintiff was using these documents to litigate his divorce case. Plaintiff alleges that the confiscation violates his Sixth Amendment rights, is unconstitutional generally, constitutes a policy which "calls for a

legal conclusion," and is a result of retaliation and conspiracy because Plaintiff has aided other prisoners in litigating their cases.  (*Id.*)

Upon review of Plaintiff's allegations, the Court determined that Plaintiff's claim is more appropriately brought as a civil rights action pursuant to 42 U.S.C. § 1983.  *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.").  Because Plaintiff had yet to pay the filing fee in this action, the Court sent Plaintiff an Order warning him about the effects of the Prison Litigation Reform Act, including that he would still be required to pay the full filing fee in installments when the funds were available.  (Docket No. 6, at 1-2.)  The Order informed Plaintiff how he could avoid paying the filing fee:

> If you do not wish to pay the filing fee in this case you may seek voluntary dismissal of this action by executing and filing with the Clerk the attached "Motion for Voluntary Dismissal" within thirty (30) days of the date of this Order.  If you do not respond within the time allotted, the Court will assume you intend to further prosecute this action.

(*Id.* at 2 (emphasis in original).)

Plaintiff responded to the Court's Order by filing the pending "Motion for Voluntary Dismissal."  (Docket No. 7.)  In Plaintiff's motion to dismiss, he contests the Court's characterization of his complaint as a civil rights action pursuant to § 1983, but otherwise appears to want to dismiss the complaint because he does not wish to pay the filing fee.  He states that he "is without funds to pay court filing fees and other court costs" and also acknowledges that he failed to "exhaust all remedies before . . . filing [his] § 1983 suit for damages."  (*Id.* at 2-3, 5.)  Plaintiff did not sign the Court prepared dismissal form, presumably because he wishes his case to be dismissed in accordance with the following stipulations:

> Therefore any voluntary dismissal or otherwise should be without prejudice with Plaintiff's right to refile 42 U.S.C. § 1983 in the proper form and on the proper

forms, and to state properly his claims.  And to be allowed any amending to correct any defects that would restore any errors in his claims against the defendants.

(*Id.* at 2.)

In objecting to the characterization of his complaint as a § 1983 civil rights complaint, Plaintiff's only argument is that a § 1983 complaint has an exhaustion requirement, which would bar him from relief.  (*Id.* at 2-3.)  By not taking this fact into account, Plaintiff alleges that the Court has "overlooked some or . . . all of the facts surrounding the filing of his 28 U.S.C. § 2254." (*Id.* at 2.)

## II.  ANALYSIS

**A.     What is the proper vehicle for Plaintiff's Action?**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, . . . 42 U.S.C. § 1983."  *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  A habeas petition is appropriate where a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  In other words, a writ of habeas corpus is the appropriate remedy for a prisoner challenging the fact or duration of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  On the other hand, "§ 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures."  *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citation omitted); *see also Muhammad*, 540 U.S. at 750 ("requests for relief turning on circumstances of confinement may be presented in a § 1983 action").

Here, although styled as a § 2254 habeas action, Plaintiff is not seeking release from custody or claiming that he is entitled to early release.  Instead, Plaintiff alleges that his

3

constitutional rights are being infringed by prison officials through the confiscation of his legal documents and books.  Such allegations clearly address "conditions of confinement and prison procedures," *Carson*, 112 F.3d at 820, and thus should have been brought as a § 1983 civil rights action, not a habeas petition.  *See Spencer v. Bruce*, 214 F. App'x 392, 393 (5th Cir. 2007) (stating that a prisoner's claim of being denied access to the courts was properly raised under § 1983); *see also Cartwright v. Outlaw*, 1:06-cv-177, 2007 WL 3105092, at *1 (E.D. Tex. Oct. 18, 2007) (holding that claims of denial of access to courts and confiscation of property must have been brought as a § 1983 civil rights claim, not as a petition for writ of habeas corpus).  Because a favorable ruling on Plaintiff's claims would not "automatically entitle [him] to accelerated release, . . . the proper vehicle is a § 1983 suit."  *Carson*, 112 F.3d at 820–21 (citations omitted).  Accordingly, Plaintiff's "suit is properly characterized as a § 1983 suit, which is a civil action or proceeding within the meaning of the PLRA."  *Id.* at 821.

In sum, Plaintiff has failed to state a claim for habeas relief pursuant to § 2254; rather, the proper vehicle for his claims are under § 1983.  Plaintiff objects to this characterization because apparently he has not satisfied the exhaustion requirements for a § 1983 claim and also because he does not wish to pay the filing fee.  However, a § 1983 claim that is unlikely to succeed because the exhaustion requirements have not been met is still a § 1983 claim, and Plaintiff's objection fails.

**B.    Motion for Voluntary Dismissal**

In Plaintiff's motion for voluntary dismissal, Plaintiff makes it clear that he does not wish to pay the filing fee should this action be construed as a § 1983 claim; he also requests that this action be dismissed without prejudice.

Rule 41(a) provides that "the plaintiff may dismiss an action without a court order by filing[] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."[1] FED. R. CIV. P. 41(a)(1)(A)(i). Here, the Defendants have not yet been served with process and thus have made no appearance in this case. Plaintiff's request for voluntary dismissal is appropriate since the Defendants will not be prejudiced by the dismissal. *See LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976); *see also* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2362 (3d ed. 2008) ("The purpose of Federal Rule 41(a) is to permit the plaintiff voluntarily to dismiss the action when no other party will be prejudiced.").

## III. CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's Motion for Preliminary Injunction (Docket No. 1) and Petition for Writ of Habeas Corpus (Docket No. 4) be construed as civil rights complaints pursuant to 42 U.S.C. § 1983, that the relief sought in Plaintiff's Motion for Voluntary Dismissal (Docket No. 7) be **GRANTED**, and that this action be **DISMISSED** without prejudice.

## NOTICE

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking

---

[1] Rule 41(a) also provides that "unless the notice or stipulation states otherwise, the dismissal is without prejudice." FED. R. CIV. P. 41(a)(1)(B).

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on April 22, 2016.

Peter E. Ormsby
United States Magistrate Judge